UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FUTURE LINK SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>REALTEK SEMICONDUCTOR CORP.,<br><br>Defendant. | Case No. 6:21-cv-01353<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AGAINST REALTEK SEMICONDUCTOR CORP.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Future Link Systems, LLC ("Plaintiff" or "Future Link") makes the following allegations against Defendant Realtek Semiconductor Corp. ("Defendant"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of the following United States patent owned by Plaintiff, which generally relate to integrated circuits and power-saving features therefor: United States Patent Nos. 7,685,439 ("'439 Patent") and 8,099,614 ("'614 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Future Link Systems, LLC is a Delaware limited liability company organized and existing under the law of the State of Delaware, with its principal place of business at 3945 Freedom Circle, Suite 900, Santa Clara, California 95054. Future Link is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

1

3. On information and belief, Defendant Realtek Semiconductor Corp. is a corporation organized under the laws of Taiwan, with its principal place of business at No. 2 Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents. Venue is also proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Defendant is a foreign corporation organized under the laws of Taiwan, with a principal place of business in Taiwan.

## FACTUAL ALLEGATIONS

7. Plaintiff made several attempts to engage Defendant in negotiations, putting Defendant on notice of the Asserted Patents.

8. Plaintiff wrote a letter dated November 11, 2019 to Defendant advising Defendant that Defendant required a license from Plaintiff for its products, including to the Asserted Patents. Plaintiff's courier service indicated that this letter was delivered.

9. Plaintiff wrote a letter dated January 8, 2020 to Defendant to follow-up on Plaintiff's November 11, 2019 letter. Plaintiff enclosed a copy of its November 11, 2019 correspondence with the January 8, 2020 letter. Plaintiff advised Defendant that Defendant's products were covered by the Asserted Patents. Plaintiff's courier service indicated that multiple attempts to deliver to Defendant were made but were refused each time by Defendant.

10. Plaintiff wrote additional letters dated March 10, 2020 to Defendant to follow-up with Plaintiff's two prior attempts to reach Defendant. Plaintiff enclosed copies of both its November 11, 2019 and January 8, 2020 correspondence. Plaintiff advised Defendant that Defendant's products were covered by the Asserted Patents. Plaintiff's courier service delivered these letters to Defendant, which were returned to Plaintiff's courier service.

11. Thus, despite Plaintiff's efforts, Defendant refused to discuss appropriate terms for a license to Plaintiff's patents. Plaintiff was left with no recourse but to file this lawsuit to protect its valuable assets.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,685,439

12. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,685,439 (the "'439 Patent"), entitled "Method for Effecting the Controlled Shutdown of Data Processing Units." The '439 Patent was duly and legally issued by the United States Patent and Trademark Office on March 23, 2010. A true and correct copy of the '439 Patent is attached as Exhibit 1.

14. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as System-on-Chip devices, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '439 Patent.

15. Defendant also knowingly and intentionally induces infringement of at least Claim 1 of the '439 Patent in violation of 35 U.S.C. § 271(b). Through at least previous correspondence between Future Link and Realtek (including a notice letter Future Link sent to Realtek identifying Realtek's infringement of the '439 Patent) and the filing and service of this Complaint, Defendant has had knowledge of the '439 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '439 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '439 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '439 Patent, thereby specifically intending for and inducing its customers to infringe the '439 Patent through the customers' normal and customary use of the Accused Products.

16. Defendant has also infringed, and continues to infringe, at least Claim 1 of the '439 Patent by selling, offering for sale, or importing into the United States, the Accused Products,

knowing that the Accused Products constitute a material part of the inventions claimed in the '439 Patent, are especially made or adapted to infringe the '439 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '439 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

17. The Accused Products satisfy all claim limitations of one or more claims of the '439 Patent. A claim chart comparing independent claim 1 of the '439 Patent to representative Accused Products (including but not limited to Realtek RTD1395) is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

18. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '439 Patent pursuant to 35 U.S.C. § 271.

19. As a result of Defendant's infringement of the '439 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

20. Defendant also had knowledge of or has been willfully blind to its infringement of the '439 Patent, and based on that knowledge or willful blindness, it has willfully infringed the '439 Patent.

21. Defendant also had actual or constructive knowledge of Future Link's rights in the '439 Patent due to, for example, Future Link's communications with Defendant as detailed in the Factual Allegations.

22. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '439 Patent,

and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,099,614

23. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,099,614 (the "'614 Patent"), entitled "Power Management for Buses in CMOS Circuits." The '614 Patent was duly and legally issued by the United States Patent and Trademark Office on January 17, 2012. A true and correct copy of the '614 Patent is attached as Exhibit 3.

25. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as System-on-Chip devices, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '614 Patent.

26. Defendant also knowingly and intentionally induces infringement of at least Claim 1 of the '614 Patent in violation of 35 U.S.C. § 271(b). Through at least previous correspondence between Future Link and Realtek (including a notice letter Future Link sent to Realtek identifying Realtek's infringement of the '614 Patent) and the filing and service of this Complaint, Defendant has had knowledge of the '614 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '614 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '614 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products,

despite its knowledge of the '614 Patent, thereby specifically intending for and inducing its customers to infringe the '614 Patent through the customers' normal and customary use of the Accused Products.

27. Defendant has also infringed, and continues to infringe, at least Claim 1 of the '614 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '614 Patent, are especially made or adapted to infringe the '614 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '614 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

28. The Accused Products satisfy all claim limitations of one or more claims of the '614 Patent. A claim chart comparing independent claim 1 of the '614 Patent to representative Accused Products (including but not limited to Realtek RTD1395) is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

29. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '614 Patent pursuant to 35 U.S.C. § 271.

30. As a result of Defendant's infringement of the '614 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

31. Defendant also had knowledge of or has been willfully blind to its infringement of the '614 Patent, and based on that knowledge or willful blindness, it has willfully infringed the '614 Patent.

32. Defendant also had actual or constructive knowledge of Future Link's rights in the '614 Patent due to, for example, Future Link's communications with Defendant as detailed in the Factual Allegations.

33. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '614 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '439 and '614 Patents;

b. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '439 and '614 Patents; and

c. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant;

e. An award of enhanced damages to Plaintiff as a result of Defendant's willful infringement; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: December 22, 2021　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　*/s/ Reza Mirzaie*
　　　　　　　　　　　　　　　　　 Reza Mirzaie

　　　　　　　　　　　　　　　　　Reza Mirzaie (CA SBN 246953)
　　　　　　　　　　　　　　　　　rmirzaie@raklaw.com
　　　　　　　　　　　　　　　　　Marc A. Fenster (CA SBN 181067)
　　　　　　　　　　　　　　　　　mfenster@raklaw.com
　　　　　　　　　　　　　　　　　Brian D. Ledahl (CA SBN 186579)
　　　　　　　　　　　　　　　　　bledahl@raklaw.com
　　　　　　　　　　　　　　　　　James Milkey (CA SBN 281283)
　　　　　　　　　　　　　　　　　jmilkey@raklaw.com
　　　　　　　　　　　　　　　　　Christian W. Conkle (CA SBN 306374)
　　　　　　　　　　　　　　　　　cconkle@raklaw.com
　　　　　　　　　　　　　　　　　Minna Y. Chan (CA SBN 305941)
　　　　　　　　　　　　　　　　　mchan@raklaw.com
　　　　　　　　　　　　　　　　　Jonathan Ma (CA SBN 312773)
　　　　　　　　　　　　　　　　　jma@raklaw.com
　　　　　　　　　　　　　　　　　**RUSS AUGUST & KABAT**
　　　　　　　　　　　　　　　　　12424 Wilshire Blvd., 12th Floor
　　　　　　　　　　　　　　　　　Los Angeles, California 90025
　　　　　　　　　　　　　　　　　Telephone: (310) 826-7474
　　　　　　　　　　　　　　　　　Facsimile: (310) 826-6991

　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　*Future Link Systems, LLC*